# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-18-71-004-F |
| | ) |
| ELADIO VARGAS JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Eladio Vargas Jr., proceeding *pro se*, has filed a motion which appears to be seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part A) to the United States Sentencing Guidelines.[1]  Doc. no. 235.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 238.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to a one-count Superseding Information charging him with conspiracy to possess with intent to distribute 5 or more grams of actual methamphetamine in violation of 21 U.S.C. § 846.  The Probation Office prepared a final presentence investigation report (doc. no. 118), which calculated defendant's base offense level at 32.  Because defendant received no adjustment to his base offense level, his adjusted offense level remained

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

at 32. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 29.

Based on his criminal history, defendant was assessed a criminal history score of four. Because defendant committed his offense while under a criminal justice sentence in several Oklahoma County District Court cases, two additional points (status points) were added under U.S.S.G. § 4A1.1(d), for a total criminal history score of six. A criminal history score of six established a criminal history category of III. With a total offense level of 29 and a criminal history category of III, defendant's advisory guideline imprisonment range was 108 months to 135 months.

At sentencing, the court adopted the final presentence investigation report without change. The court then sentenced defendant to a term of imprisonment of 108 months. Judgment was entered on January 7, 2019. Defendant did not file a direct appeal.

In his motion, defendant appears to request that his sentence be reduced pursuant to Part A of Amendment 821, which became effective November 1, 2023 and has retroactive application, because he was assessed two additional criminal history points (status points) for committing his offense while under a criminal justice sentence.[2]

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors

---

[2] Subpart 1 of Part B of Amendment 821 has no application to defendant as he is not a zero-point offender. As stated, defendant's criminal history score was 4 based on his prior criminal history.

in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 236), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A, defendant's status points would be eliminated, resulting in defendant having a total criminal history score of four instead of six. With a total criminal history score of four, defendant's criminal history category would remain at III, resulting in the same guideline imprisonment range of 108 months to 135 months. Because application of Part A of Amendment 821 would not have the effect of lowering defendant's applicable guideline range, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Defendant's motion will therefore be dismissed.

4

Accordingly, defendant Eladio Vargas Jr.'s motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 235) based on Part A to Amendment 821 of the United States Sentencing Guidelines is **DISMISSED**.

IT IS SO ORDERED this 10th day of May, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0071p018 (Vargas).docx

4